(No. 6025–

RONALD LANDSMAN and DAVID ZARANSKY, As Co-Administrators of the Estate of LOU FUSHANIS, Deceased, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 18, 1972.*

BERNARD ALLEN FRIED, Attorney for Claimants.

WILLIAM J. SCOTT, Attorney General, for Respondent.

BURKS, J.

This cause is now before the Court on respondent's motion to dismiss claimants' amended complaint. A reply to respondent's motion, filed by the claimants on January 17, 1972, is also before us.

Respondent makes a persuasive argument on several points, in support of its motion, which raises a serious doubt as to the merits of the claim. However, the Court finds that the statute of limitation, having run before claim was filed, is a bar to the action and is sufficient grounds for dismissal. Therefore, we need not discuss the other issues presented in the pleadings.

We will, however, explain the Court's interpretation of the statute of limitation involved since claimants have urged a different interpretation in their reply to respondent's motion to dismiss.

In this action claimants sought to collect the sum of $1,800.00 for rent withheld by the Illinois Department of Public Aid because of building violations on property located at 705 S. Claremont Avenue, Chicago, Illinois, for the period of October 1, 1967, through March, 1969. The claim was filed in this Court on January 12, 1971, some 22 months after the end of the period for which claim is made.

Claimants subsequently offered in evidence a "Certificate of Inspection" dated September 30, 1971, as proof that the building was brought into full compliance on that date. An examination of this document shows it to contain the following statement which indicates that there were still

violations then: "Replace broken, missing or defective window panes." In any event, the date of this certificate, showing violations rather than compliance, is 2 years and 7 months after the period for which rent was withheld by the Department of Public Aid.

The statute of limitations which bars this claim is found in the following language of §22 of the Court of Claims Act (Ch. 37, Sec. 439.22, Ill.Rev.Stat., 1971) which reads as follows:

"Claims cognizable against the State by vendors of goods or services under 'The Illinois Public Aid Code', approved April 11, 1967, as amended shall have a period of limitation of 1 year after the accrual of the cause of action, as provided in Section 11-12 of that Code."

Claimants contend, in a reply to respondent's motion, that the above limitation does not apply to landlords who rent housing to Public Aid recipients but only to "vendors of goods and services directly to the State". We do not agree. The statute does not contain the words "directly to the State". On the contrary, it uses the words, "goods and services under the Illinois Public Aid Code". Section 2-5 of the Public Aid Code defines "Vendor Payment" as a payment made directly to a person or firm. . . . "supplying goods or services to a recipient". (Ch. 23, Sec. 2-5 Ill. Rev.Stat., 1971) A common example of claims by vendors in this category, which this Court receives in abundance, is the claim of a doctor or hospital which supplies medicine, medical or hospital services to public aid recipients.

Similarly, a landlord is a vendor of services if the landlord purports to furnish a tenant with such necessities as light, water, heat or janitor services. A landlord is also a vendor of an interest in real estate when renting or leasing housing to a tenant, as the term vendor is used in the Public Aid Code.

Section 11-13 of the Public Aid Code contains a restate-

ment of the one-year statute of limitation contained in §22 of the Court of Claims Act and we repeat it here for emphasis. (Ch. 23, Sec. 11-13, Ill.Rev.Stat., 1971)

"Vendors seeking to enforce obligations of a governmental unit or the Illinois Department of Public Aid for goods or services (1) furnished to or in behalf of recipients and (2) subject to a vendor payment as defined in Section 2-5, shall commence their actions in the appropriate Circuit Court or the Court of Claims, as the case may require, within one year next after the cause of action accrued."

THEREFORE, IT IS HEREBY ORDERED that respondent's motion be, and the same is, granted and the instant cause is herewith dismissed.