(No. 80-CC-0121—

NORTHWESTERN MEMORIAL HOSPITAL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 4, 1982.*

FOHRMAN, LURIE, SKLAR & COTTLE, for Claimant.

TYRONE C. FAHNER, Attorney General (SAUL R. WEXLER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This matter comes before the Court upon motion of Respondent for summary judgment and Claimant's opposition to said motion.

Claimant seeks the sum of $73,962.53 for medical/ hospital services provided to Mr. William Tietz during the period of October 15, 1975, to June 29, 1976. The complaint consists of several counts, each of which alleges a different theory seeking to impose liability upon the Respondent's Department of Public Aid.

William Tietz was admitted to Claimant's hospital on October 15, 1975. On November 18, 1975, Claimant submitted an application for medical assistance to Respondent Department of Public Aid in behalf of William Tietz and signed by Tietz' wife. On January 23, 1976, Respondent sent a written request to Mrs. Tietz for document information in order to determine whether Tietz was eligible for medical assistance; no response was received. On March 22, and on April 12, 1976,

further requests were sent by the Department to the applicant; again, there was no response. On April 12, 1976, Respondent wrote to both the Claimant and applicant to advise that it was unable to act on the application due to the failure of the parties to respond and that the application would be rejected unless a response was received within the next five days. Mrs. Tietz was also advised of the need for her to furnish the requested data.

On May 10, 1976, Respondent formally denied the application for assistance and sent notices thereof to both the Claimant and applicant's wife.

In Respondent's decision, Mrs. Tietz was advised she had 60 days within which to appeal the decision; no appeal was filed within this period.

On June 29, 1976, William Tietz died. On September 11, 1976, Mrs. Tietz retained an attorney who wrote to Respondent on September 15, 1976, requesting reconsideration of the Department's denial of the application for medical assistance. The Department responded to this request on September 21, 1976, and Mrs. Tietz then filed a formal notice of appeal on November 12, 1976. She set forth as grounds for her delay in filing that she had been emotionally upset and that her previous attorney had failed to pursue her appeals rights. A hearing was held on December 27, 1976, and on January 31, 1977, a final administrative decision was entered that the Department did not have jurisdiction because of the applicant's failure to perfect her appeal within 60 days of the original denial.

On June 18, 1976, Claimant filed an action in the circuit court of Cook County requesting that a guardian be appointed for Mr. Tietz and that judgment for its services be entered against him. Respondent was not

joined in this action, and there is nothing to indicate that a guardian was, in fact, appointed. Thereafter, Mrs. Tietz filed a petition in bankruptcy scheduling the debt to Claimant as one of the liabilities therein. She was subsequently adjudicated a bankrupt and discharged. Claimant thereafter requested Respondent to reconsider the Tietz' application for medical assistance. The Department responded that it considered the new application invalid and the matter to be closed.

Claimant, by its action, is seeking a determination from the Court of Claims to be applied retroactively, that William Tietz was eligible for public assistance and that, additionally, Claimant is entitled to be compensated for services provided to Mr. Tietz.

The complaint sets forth five theories upon which it seeks to sustain these propositions. First, it contends that the failure to declare the decedent eligible for medical assistance is a ministerial act only (although it appears that Claimant is requesting this Court to *mandamus* the Department to perform the "ministerial" act). Second, Claimant is seeking an interpretation that an implied contract existed between it and the Respondent for the services provided. Third, Claimant seeks recovery on the basis of either *"quantum meruit"* or "unjust enrichment." Fourth, the applicant was not a "responsible representative" of the applicant and, therefore, her failure to appeal the Department's decision should be excused. Fifth, based upon the alleged emotional state of Mrs. Tietz, the Department "had a duty to wait in rendering its decision" until a "responsible representative was appointed guardian."

Both the Claimant and Respondent submitted arguments in support of their respective positions.

The Court is of the opinion that the record is clear in

that Mrs. William Tietz was given every opportunity to provide the data necessary to determine whether her husband was eligible for medical assistance. It is equally clear that she failed to submit the necessary information and there is no justifiable or logical reason given for not submitting said evidence.

The Court is also of the opinion that Claimant as a medical provider can have no greater right of recovery than the person through whom it claims ownership of this action—Mrs. Tietz. The failure of Mrs. Tietz to supply the data required by Respondent has enabled the statute of limitations to run.

Section 11—13 of the Illinois Public Aid Code (Ill. Rev. Stat., ch. 23, par. 11—13), provides that a vendor must bring suit within one year from the date the cause of action accrues. The case of *Landsman & Zaransky v. State*, 27 Ill. Ct. Cl. 403, adopts and incorporates the above section of the statute, said statute being section 22(b) of the Court of Claims Act, Ill. Rev. Stat., ch. 37, par. 439.22(b).

The Court is of the opinion that this objection, in itself, is sufficient to sustain Respondent's motion for summary judgment.

Respondent's motion for summary judgment is granted.